CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
APR 16 2012
JULIA C. DUDLEY, CLERK
BY: DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| SANTINA M. RICCI, | ) | CASE NO. 5:11CV00081 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | By: B. Waugh Crigler |
| Defendant. | ) | U. S. Magistrate Judge |

This challenge to a final decision of the Commissioner which denied plaintiff's July 31, 2008 protectively-filed application for a period of disability and disability insurance benefits under the Social Security Act ("Act"), as amended, 42 U.S.C. §§ 416 and 423 is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, the undersigned will RECOMMEND that an Order enter GRANTING the plaintiff's motion for summary judgment and REMANDING the case to the Commissioner for further proceedings.

In a decision issued on January 29, 2010, an Administrative Law Judge ("Law Judge") found that plaintiff remained insured through June 30, 2013, and that she had not engaged in substantial gainful activity since March 2, 2006, her alleged disability onset date. (R. 25.) The Law Judge determined that the disorders of her back and neck were severe impairments, but that plaintiff did not have an impairment or combination of impairments which met or medically

equaled a listed impairment. (R. 25-26.) The Law Judge was of the belief that she retained the residual functional capacity ("RFC") to perform light work[1], and that this RFC did not preclude plaintiff from performing her past relevant work as a cashier, realtor, and table worker. (R. 26, 30.) Thus, the Law Judge ultimately found that plaintiff was not disabled under the Act. (R. 31.)

Plaintiff appealed the Law Judge's January 29, 2010 decision to the Appeals Council. (R. 1-3.) The Appeals Council found no basis in the record or in the reasons advanced on appeal to review the decision, denied review, and adopted the Law Judge's decision as the final decision of the Commissioner. (R. 1.) This action ensued.

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs and medical findings to determine the functional capacity of the claimant. *Hays v. Sullivan*, 907 F.2d 1453 (4th Cir. 1990); *Shively v. Heckler*, 739 F.2d 987 (4th Cir. 1984). The regulations grant some latitude to the Commissioner in resolving conflicts or inconsistencies in the evidence which the court is to review for clear error or lack of substantial evidentiary support. *Craig v. Chater*, 76 F.3d 585 (4th Cir. 1996). In all, if the Commissioner's resolution of the conflicts in the evidence is supported by substantial evidence, the court is to affirm the Commissioner's final decision. *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966).

In a brief filed in support of her motion for summary judgment, plaintiff argues that the Law Judge erred by failing to consider her obesity at any step in the sequential evaluation. (Pl's Brief, pp. 11-12.) Plaintiff contends that her body mass index ("BMI") is approximately 44.6, and as such, her obesity is at the "most extreme level." (Pl's Brief, p. 12.) The Commissioner

---

[1] Light work is defined as work involving "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and requiring "a good deal of walking or standing" or "sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 404.1567(b).

2

concedes that plaintiff was obese, but he contends the Law Judge "implicitly considered the effects of [her] obesity." (Commissioner's Brief, p. 12.) The undersigned finds that Law Judge failed to address plaintiff's obesity in a manner consistent with the applicable standards, and that this failure warrants remand.

Although obesity is no longer a listed impairment, it is recognized in Social Security Ruling[2] ("SSR") 02-1p that the condition must be considered at several stages in the sequential evaluation process. SSR 02-1p provides, in pertinent part, "As with any other medical condition, we will find that obesity is a 'severe' impairment when alone, or in combination with another medically determinable physical or mental impairment(s), it significantly limits an individual's physical or mental ability to do basic work activities." SSR 02-1p. This determination requires an individual, explicit assessment of the impact a claimant's obesity has on his or her functioning. *Id.*

The record before the court reveals that, on September 3, 2010, plaintiff height was measured at 4'9" tall, and she weighed 185 pounds. (R. 681.) The record is replete with medical diagnoses of obesity and morbid obesity. (R. 279, 280, 281, 283, 284, 287, 289, 290, 291, 292, 293, 294, 295, 569, 581, 583, 584, 587, 589, 608, 609, 610, 612, 620, 621, 624, 628, 631, 633, 635, 637, 640, 641, 642, 651, 661, 663, 682, 685, 714, 719, 725, 732.) An independent medical examination conducted by James R. Schwartz, M.D. on September 3, 2010 reveals that plaintiff's obesity caused functional limitations. (R. 678-683.) Specifically, Dr. Schwartz found

---

[2] Social Security Rulings are the Social Security Administration's interpretations of the Social Security Act. *Pass v. Chater*, 65 F.3d 1200, 1204 n. 3 (4th Cir.1995). "[T]hey are entitled to deference unless they are clearly erroneous or inconsistent with the law." *Id.* (citing *Quang Van Han v. Bowen*, 882 F.2d 1453, 1457 (9th Cir. 1989)).

3

that plaintiff's morbid obesity was an "aggravating factor for each of her impairments" because it "adversely affected" her ability to ambulate. (R. 682-683.)

Having determined that the Law Judge failed to address plaintiff's obesity in a manner consistent with SSR 02-1p, the undersigned finds that there is good cause to remand the case for further proceedings. Accordingly, it is RECOMMENDED that an Order enter GRANTING the plaintiff's motion for summary judgment and REMANDING the case to the Commissioner in accordance with Sentence Four of 42 U.S.C. § 405(g) for further proceedings.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within fourteen (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(l)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to transmit a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: /s/ _____
U.S. Magistrate Judge

Date: 4/16/2012