IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| SANTINA M. RICCI, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>MICHAEL J. ASTRUE, )<br>Commissioner of Social Security, )<br>)<br>Defendant. ) | Civil Action No. 5:11cv00081<br><br>By: Michael F. Urbanski<br>United States District Judge |

## MEMORANDUM OPINION

This social security appeal was referred to the Honorable B. Waugh Crigler, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B), for proposed findings of fact and a recommended disposition. The Magistrate Judge filed a report and recommendation on April 16, 2012, recommending that the Commissioner's motion for summary judgment be denied, that the plaintiff's motion for summary judgment be granted, and that this case be remanded to the Commissioner for further proceedings. No objections were filed to the report and recommendation. Although the court agrees with the ultimate conclusion of the magistrate judge that this case be remanded, the court does not share the magistrate judge's criticism of the Administrative Law Judge's ("ALJ") decision. Indeed, the court believes that the only basis for remand in this case is to allow the Commissioner to fully evaluate the functional assessments of the examining physicians provided to the Appeals Council several months after the ALJ reached his decision. As such, the court will enter an Order **GRANTING** the plaintiff's motion for summary judgment (Docket # 8), **DENYING** the Commissioner's motion for summary judgment (Docket # 12), and **REMANDING** this case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further consideration as set forth herein.

## I.

Pursuant to 28 U.S.C. § 636(b)(1), the "court may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." Federal Rule of Civil Procedure 72(b) provides the parties with an opportunity to file written objections to the proposed findings and recommendations, but neither party filed objections in this case. Rule 72(b)(3) provides that the "district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." While the text of the rule is silent as to the obligation of the court if no objection is made, the advisory committee notes that "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Advisory Committee Notes to Fed. R. Civ. P. 72 (citing Campbell v. United States Dist. Court, 501 F.2d 196, 206 (9th Cir. 1974)). In Thomas v. Arn, 474 U.S. 140 (1985), the Supreme Court had occasion to address the issue, and stated as follows:

> The district judge has jurisdiction over the case at all times. He retains full authority to decide whether to refer a case to the magistrate, to review the magistrate's report, and to enter judgment. Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue de novo if no objections are filed, it does not preclude further review by the district judge, sua sponte or at the request of a party, under a de novo or any other standard.

474 U.S. at 154. Thus, even absent an objection, the court retains the ability to review sua sponte a magistrate judge's report and recommendation. The court believes that the particular facts of this case present an appropriate occasion to review the magistrate judge's Report and Recommendation notwithstanding the absence of an objection.

2

## II.

In this case, the magistrate judge has recommended that the case be remanded for an evaluation of the claimant's obesity under Social Security Ruling 02-1p, suggesting that the ALJ failed to do so. The court has reviewed the entire administrative transcript in this case, and unlike the magistrate judge, the court concludes that the ALJ's decision represents a careful, thorough and deliberate evaluation of the evidence and arguments made on behalf of the plaintiff at the time the ALJ decided the case.

Social Security Ruling 02-1p is entitled "Policy Interpretation Ruling Titles II and XVI: Evaluation of Obesity," and its purpose is "[t]o provide guidance on SSA policy concerning the evaluation of obesity in disability claims." The magistrate judge found fault with the ALJ for not considering whether plaintiff's obesity constituted a severe impairment at step two in the sequential evaluation process. However, in section six of the Policy Interpretation accompanying the ruling, the Social Security Administration explains that "[a]s with any other medical condition, we will find that obesity is a 'severe' impairment when, alone or in combination with another medically determinable physical or mental impairment(s), it significantly limits an individual's physical or mental ability to do basic work activities." Indeed, the "individualized assessment" referenced in the ruling concerns "the impact of obesity on an individual's functioning."

The magistrate judge faults the ALJ for not performing a functional assessment of plaintiff's obesity as set forth in Ruling 02-1p, and reaches this conclusion based on the fact that the "record is replete with medical diagnoses of obesity and morbid obesity," referencing a number of pages of the administrative transcript.

3

Of course, a mere diagnosis of obesity does not mean that such condition has an impact on a social security claimant's ability to perform work. Wainscott v. Astrue, No. 1:09-1522-JFA-SVH, 2010 WL 3521717, at *18 (D.S.C. Aug. 9, 2010) ("SSR 02-1p makes clear that, it is not the mere presence of obesity that determines disability, rather it is the effect it has on a claimant's ability to function and perform work-related tasks."), adopted by 2010 WL 3521716 (D.S.C. Sept. 7, 2010); accord Tarpley v. Astrue, No. 5:08-CV-271-FL, 2009 WL 1649774, at *13 (E.D.N.C. June 1, 2009) (same). Rather, the issue identified in the disability calculus is whether plaintiff's obesity has a functional component.

Accordingly, the court reviewed each of the pages cited in the magistrate judge's report and recommendation referencing obesity to ascertain whether any of this evidence should have suggested to the ALJ that plaintiff had a functional limitation associated with her obesity. There was none. Instead of providing any evidence of a functional limitation posed by obesity, the record evidence cited by the magistrate judge consists almost exclusively of passing references to obesity, as reflected in the following representative examples from plaintiff's treating physician notes:

- "Obesity." (R. 295.)
- "278.01 Morbid Obesity." (R. 609.)
- "Morbid obesity. Will discuss this further once her pain has been addressed." (R. 628.)
- "Morbid obesity. Continue to encourage diet and exercise as tolerated." (R. 633.)
- "278.01 Morbid obesity (onset 12/4/08)." (R. 640.)
- "Morbid Obesity. Encourage diet and exercise as tolerated." (R. 642.)
- "Obesity. Her weight is up 4 pounds since her last visit in July and I again encouraged her with diet and exercise. Will follow." (R. 714.)
- "I encourage you to follow a healthy diet and exercise regimen to help with weight loss. I recommend a minimum of 30 minutes of exercise 3-5 days per week, preferably more. I also recommend a well balanced, low calorie diet. Please let me know if you want guidance with any of your weight loss efforts." (R. 715.)

4

It is worth noting as well that these references do not stand in isolation, rather they are generally included in a list of plaintiff's problems or are reflected in the physician's assessment along with a myriad of other health issues. Significantly, it does not appear from the record that plaintiff's obesity was the focus of any medical complaint or treatment. In short, as none of these references to plaintiff's obesity contain any suggestion of a functional limitation associated with that condition, they beg the disability question and do not support the magistrate judge's conclusion that the ALJ failed to assess plaintiff's obesity in a manner consistent with SSR 02-1p.

In addition to the lack of medical evidence suggesting that plaintiff's obesity caused her any functional limitations, nothing in the Function Report or Pain Questionnaire completed by the plaintiff makes any reference to any functional limitation posed by her obesity. Rather, her disability complaints center on the functional limitations posed by her neck and back pain.

In short, on the record before the ALJ, plaintiff's obesity was a red herring from a disability standpoint. Plaintiff did not suggest that her weight played any factor in her ability to work in the disability forms she completed, it is not apparent from her medical records, nor did she or her counsel make any mention of any functional limitation posed by her obesity at the administrative hearing. It is no wonder, therefore, that the ALJ, in a well-supported and thorough opinion grounded in the arguments made and the evidence presented, did not see any need to apply SSR 02-1p in a vacuum.

## III.

That does not mean, however, that the magistrate judge's ultimate conclusion that this case be remanded to consider the functional limitations posed by her obesity in combination with other medially determinable physical impairments constitutes clear error. Unlike the ALJ, the

5

magistrate judge was privy to the subsequent medical evaluations done by Drs. Schwartz and Godette and submitted to the Appeals Council.

Nine months after the ALJ's decision, plaintiff was evaluated by James R. Schwartz, M.D., a board certified orthopedic surgeon. Consistent with plaintiff's earlier medical records, Dr. Schwartz's evaluation focuses principally on plaintiff's neck and back pain.[1] Dr. Schwartz lists morbid obesity as his fifth diagnosis (of six in total), a list headed by cervical and thoracic disc problems. Dr. Schwartz's disability evaluation likewise focuses principally on the impact her thoracic and cervical disc herniations have on her ability to walk; the impact of her rotator cuff and bilateral carpal tunnel syndrome on her ability to perform fine and gross movements effectively; and the impact of her pain rendering her "unable to do any sustained work for an acceptable period of time required by any employer." (R. 683.) Near the end of his evaluation, Dr. Schwartz writes: "Additionally, under 1.00Q, effects of obesity, her obesity is an aggravating factor for each of her impairments, i.e., ambulation is adversely affected." (R. 683.) This line in the evaluation by Dr. Schwartz is the only time in plaintiff's medical records that there is any suggestion that her obesity adversely impacts her ability to walk.

When deciding whether to grant review, the Appeals Council must consider evidence submitted to it "if the additional evidence is (a) new, (b) material, and (c) relates to the period on or before the date of the ALJ's decision." Wilkins v. Sec'y, Dep't of Health & Human Servs., 953 F.2d 93, 95-96 (4th Cir. 1991). Evidence is new if it is not duplicative or cumulative. Id. at 96. Evidence is material "if there is a reasonable possibility that the new evidence would have changed the outcome." Id. When the Appeals Council denied review, the ALJ's decision became the final decision of the Commissioner, id., which then became subject to judicial

---

[1] In this evaluation, Dr. Schwartz relies upon a Spinal Impairment Questionnaire completed by Dr. George Godette on June 25, 2010, also following the ALJ's decision. Neither Dr. Godette's office note from that day nor his answers to the questionnaire make any reference to plaintiff's obesity.

review, 42 U.S.C. § 405(g). A reviewing court must consider the record as a whole, including the new evidence, in order to determine whether substantial evidence supports the Commissioner's decision. Wilkins, 953 F.2d at 96.

In this case, there is a reasonable possibility that the evidence submitted to the Appeals Council would have changed the outcome of the case. See id. As such, remand pursuant to sentence four of 42 U.S.C. § 405(g) is warranted. The court believes that the Commissioner should have the benefit of the medical evaluations of Dr. Schwartz, and for that matter, that of Dr. Godette, before completing its disability determination on plaintiff. Given the fact that Dr. Schwartz has now indicated that plaintiff's obesity adversely impacts her ability to function, on remand the Commissioner should assess the impact of her obesity along with her other impairments on her ability to function.

In remanding this case to the Commissioner for the purpose of considering the functional impact of plaintiff's obesity in connection with her other impairments as reflected in the evaluation of Dr. Schwartz, the court expresses no opinion as to whether plaintiff is disabled or not. That issue is for the Commissioner to decide, subject to judicial review pursuant to 42 U.S.C. § 405(g).

An appropriate Order will be entered.

        Entered: January 31, 2013

        */s/ Michael F. Urbanski*

        Michael F. Urbanski
        United States District Judge

7

Case 5:11-cv-00081-MFU-JCH   Document 16   Filed 01/31/13   Page 7 of 7   Pageid#: 862